```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ORLANDO MAISONET                  :     CIVIL ACTION
                                  :
          v.                      :
                                  :
CITY OF PHILADELPHIA et al.       :     NO. 06-4858
```

MEMORANDUM AND ORDER

McLaughlin, J.                                           May 4, 2007

      Pro se plaintiff Orlando Maisonet ("Maisonet") has sued the Philadelphia District Attorney's Office ("DA's Office"), District Attorney Lynne Abraham ("Abraham"), and Assistant District Attorney Roger King ("King") for alleged misconduct that occurred during the plaintiff's state criminal trial.[1] The DA's Office, Abraham and King have moved to dismiss for failure to state a claim. The pro se plaintiff has responded by moving for

---

[1] Although the complaint is unclear as to whether the plaintiff intended to sue only the DA's Office or the DA's Office, Abraham, and King, the Court will read the complaint liberally and construe the allegations as being directed against all three parties. As noted by the United States Court of Appeals for the Third Circuit, "[c]ourts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). In the present case, the complaint's factual allegations focus on the conduct of Abraham and King, and the complaint refers to these individuals as "defendants" in various places outside the caption. Furthermore, the motion to dismiss specifically addresses the complaint insofar as it pertains to Abraham and King. The Court will accordingly consider these individuals as named defendants in addition to the DA's Office.

appointment of counsel. The Court will grant the defendants' motion and deny the plaintiff's motion.

I. BACKGROUND

In May of 1992, the pro se plaintiff was convicted in the Philadelphia Court of Common Pleas of first-degree murder and sentenced to life imprisonment. The plaintiff's conviction was later overturned, and a new trial was ordered. In early 2005, the plaintiff was retried, and a jury acquitted him of all charges.

The plaintiff filed the present complaint on December 14, 2006. In the complaint, the plaintiff alleges that during his 1992 murder trial, Abraham and King (i) knowingly solicited false testimony from two witnesses, and (ii) knowingly suppressed reports of these witnesses' prior inconsistent testimony.

The complaint contains three counts: Count I arises under 42 U.S.C. § 1983 and alleges that the DA's Office, Abraham, and King deprived the plaintiff of his constitutional rights during his 1992 murder trial. Count II arises under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985[2] and alleges that the DA's Office, Abraham, and King conspired to deprive the plaintiff of

---

[2]   Although the plaintiff denominates Count II as arising under § 1983 in the allegations section of the complaint, the plaintiff refers to the conspiracy claim elsewhere as arising under § 1985. Because the relevant analysis is the same under both sections of the statute, the Court will not resolve this ambiguity.

his constitutional rights during the murder trial; and, Count III arises under state common law and alleges that the three defendants' conduct constituted intentional infliction of emotional distress.

II.   ANALYSIS

The defendants argue that the complaint should be dismissed for failure to state a claim because (i) the plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a)'s pleading requirements, (ii) the plaintiff has failed to state a claim for municipal liability against the DA's Office, and (iii) the plaintiff has failed to state a claim against Abraham and King because they enjoy absolute prosecutorial immunity.  The pro se plaintiff responds by arguing that the Court should appoint counsel for him before ruling on the motion.  The Court finds that the plaintiff has satisfied the pleading requirements of Federal Rule of Civil Procedure 8(a) but that his complaint fails to state a federal claim against any of the defendants.  The Court will accordingly grant the defendants' motion with respect to all federal claims contained in the complaint and decline to exercise supplemental jurisdiction over the remaining state common law claim.  Having found that the plaintiff's federal claims lack merit, the Court will deny the plaintiff's motion for appointment of counsel.

A.    The Defendants' Motion to Dismiss[3]

1.    Compliance with Rule 8(a)

The defendants argue that the Court should dismiss the plaintiff's complaint for failure to state a claim because the complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a).

Under the liberal pleading standards of Rule 8(a), a complaint states a claim so long as it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Federal Rule of Civil Procedure 8(a)(2)). This "short and plain statement" must simply give the defendant fair notice of what the claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). When evaluating whether a complaint states a claim, courts should read the complaint so as to do "substantial justice," and pro se complaints in particular should be construed liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

---

[3] In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the complaint and all reasonable inferences that can be drawn from them, after viewing the allegations in the light most favorable to the non-moving party. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2005). A Rule 12(b)(6) motion should be granted if it appears to a certainty that no relief could be granted under any set of facts that could be proved. Id.

In the present case, the plaintiff's complaint is sufficiently specific to give the defendants fair notice of what the claim is and the grounds upon which it rests. The plaintiff alleges that during his state criminal trial, the defendants deprived, and conspired to deprive, him of his constitutional rights by knowingly soliciting false testimony from two witnesses and knowingly concealing reports of these witnesses' prior inconsistent testimony. Given notice pleading's liberal standards, especially when applied to pro se complaints, the Court finds that this short statement is sufficient to satisfy Rule 8(a)'s pleading requirements.

2.   Claims Against the DA's Office

The DA's Office argues that the Court should dismiss the plaintiff's federal claims against it because the plaintiff has failed to state a claim for municipal liability.[4]

---

[4]   As a threshold matter, the Court notes that the DA's Office may not be a separate legal entity for purposes of § 1983 liability. See Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997) (affirming district court's grant of summary judgment in favor of defendant because Bucks County District Attorney's Office is not a "person" for purposes of § 1983 liability); see also Dickerson v. Montgomery County District Attorney's Office, No. 04-4454, 2004 WL 2861869, at *3 (E.D. Pa. Dec. 10, 2004) (granting motion to dismiss § 1983 claim against county district attorney's office on the basis of Reitz). The DA's office, however, has not moved to dismiss on this ground. Furthermore, even if the DA's Office had so moved, the Court would have substituted the City of Philadelphia as a defendant for the DA's Office. Such a substitution would comport with the Third Circuit's directive to read complaints so as to do "substantial justice," particularly with regard to pro se complaints. See

In <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978), the Supreme Court held that a municipality cannot be held liable for violating § 1983[5] under the doctrine of <u>respondeat superior</u>.  <u>Id.</u> at 691.  A municipality may be found liable under § 1983 only where the municipality itself caused the constitutional violation.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).  A plaintiff must therefore allege that the constitutional violation resulted from the execution of an official policy or custom promulgated by municipal lawmakers or policymaking officials.  <u>Monell v. Dep't of Soc. Serv. of New York</u>, 436 U.S. 658, 694-95 (1978).

A government policy or custom can be established in two ways: (i) a "policy" can be demonstrated by showing that a decision-maker possessing final authority to set municipal policy with respect to the challenged action issues an official proclamation, policy, or edict; and (ii) a "custom" can be demonstrated by showing that a course of conduct by state

---

<u>Alston</u>, 363 F.3d at 234.

[5]  Section 1983 provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983 (2006).

officials, though not authorized by law, is so permanent and well-settled as to virtually constitute law.  See Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).  In either of these situations, the plaintiff must show that a policymaker is responsible either for the policy or, through acquiescence, for the custom.  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

Although the United States Court of Appeals for the Third Circuit has never directly addressed the issue, district courts in this Circuit have uniformly concluded that claims against municipalities brought under § 1985[6] must also comply with the "official policy or custom" requirement announced in Monell.  See, e.g., Edwards v. City of Philadelphia, No. 05-18, 2006 WL 3337490, at *6 (E.D. Pa. Nov. 15, 2006) (stating that in order to hold a municipality liable under § 1985, the plaintiff must show that the wrongful actions were taken pursuant to an established policy, practice, or custom); see also Holmes v. City of Philadelphia, No. 05-2909, 2005 WL 1875524 (E.D. Pa. Aug. 4, 2005) (same); see also Gueson v. Feldman, No. 00-1117, 2002 WL

---

[6] Section 1985 provides in pertinent part:
If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985(3) (2006).

32308678, at *5 (E.D. Pa. Aug. 22, 2002) (same); see also DiBartolo v. City of Philadelphia, No. 99-1734, 2000 WL 217746, at *5 (E.D. Pa. Feb. 15, 2000) (same); see also Owens v. Haas, 601 F.2d 1242, 1247 (2d Cir. 1979) (noting that a municipality cannot be held liable under § 1985 on a respondeat superior theory).  The Court agrees with these well-reasoned decisions and concludes that claims brought under § 1985 must allege that the underlying constitutional deprivation resulted from an official municipal policy or custom.

        In the present case, the plaintiff has failed to allege that the underlying constitutional violations resulted from an official policy or custom.  Although the complaint appears to allege that Abraham was an official policymaker, the complaint fails to allege that she issued an official proclamation, policy, or edict that resulted in the alleged constitutional violations.  Similarly, the plaintiff fails to allege that Abraham or any other municipal policymaker acquiesced in a municipal custom that resulted in the alleged constitutional violation.  The plaintiff instead alleges only that Abraham and King deprived, and conspired to deprive, the plaintiff of his constitutional rights during his 1992 murder trial by soliciting false testimony and suppressing potentially exculpatory evidence.  The plaintiff has therefore failed to state a claim under either § 1983 or § 1985

for municipal liability.  The Court will accordingly dismiss Counts I and II as to the DA's Office.

### 3. Claims Against Abraham and King

Defendants Abraham and King argue that the Court should dismiss the plaintiff's federal claims against them because they are entitled to absolute prosecutorial immunity for their allegedly wrongful conduct.

As explained by the United States Court of Appeals for the Third Circuit, prosecutors are entitled to absolute immunity for all actions performed in a "quasi-judicial" role.  Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d cir. 1992) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  This conduct includes in-court activity such as the presentation of evidence or legal argument, as well as selected out-of-court behavior that is "intimately associated with the judicial phases" of litigation. Id.  Examples of prosecutorial activities that enjoy absolute immunity include the use of false testimony in connection with a prosecution and the intentional withholding of potentially exculpatory evidence prior to and during trial.  See Kulwicki, 969 F.2d at 1465 (stating that the use of false testimony in connection with the prosecution is absolutely protected); see also Yarris v. County of Del., 465 F.3d 129, 137 (3d Cir. 2006) (stating that the deliberate withholding of exculpatory

information is included within the legitimate exercise of prosecutorial discretion).

In the present case, the plaintiff alleges that defendants Abraham and King deliberately solicited false testimony from two witnesses and knowingly withheld reports of these witnesses' prior inconsistent testimony during his 1992 murder trial.  The United States Court of Appeals for the Third Circuit has expressly concluded that prosecutors are entitled to absolute immunity for both of these activities.  The plaintiff has therefore failed to state a federal claim against these two defendants, and the Court will accordingly dismiss Counts I and II as to Abraham and King.

> 4.   The Plaintiff's State Law Claim

Because the Court has dismissed the plaintiff's federal claims, it will decline to exercise supplemental jurisdiction over his claim for intentional infliction of emotional distress, which arises under state law.

When a District Court dismisses all the claims over which it had original jurisdiction before trial, the court "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995); see also 28 U.S.C. § 1367(c) (2006) (giving district courts discretion to

decline to hear state claims that they would have supplemental jurisdiction to entertain under § 1367(a)).

In the present case, the Court has dismissed, before trial, all the claims over which it had original jurisdiction. Furthermore, there is no affirmative justification for exercising supplemental jurisdiction over the pendent state claim. The Court will accordingly dismiss the plaintiff's state law claim of intentional infliction of emotional distress.

    B.    <u>The Plaintiff's Motion for Appointment of Counsel</u>

The plaintiff argues that the Court should appoint counsel for him before deciding the motion. Because the Court has determined that the plaintiff's claims lack merit, the Court will deny the motion.

Under 28 U.S.C. § 1915(d), a court may "request an attorney to represent any such person unable to employ counsel." 28 U.S.C. § 1915(d) (2006). Section 1915(d) thus gives district courts broad discretion when deciding whether to request that an attorney represent an indigent civil litigant. <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d cir. 1993). In <u>Smith-Bey v. Petsock</u>, 741 F.2d 22 (3d Cir. 1984), the court observed that the appointment of counsel for an indigent plaintiff is "usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice to [the indigent litigant] resulting, for example, from his probable inability without such assistance

to present the facts and legal issues to the court in a complex but meritorious case." Id. at 26.

In Tabron, the court elaborated upon Smith-Bey by delineating further criteria for ascertaining the "special circumstances" that would justify appointing counsel for an indigent litigant in a civil case. Tabron, 6 F.3d at 155. The court explained that a district court must consider as a threshold matter the merits of the plaintiff's claim. Id. (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981) (per curiam)). If the district court determines that a plaintiff's claim has arguable merit, the court should then consider a number of additional factors that bear on the need for appointment of counsel, including the plaintiff's ability to present his or her own case, the difficulty of the legal issues, the degree to which factual investigation will be required, whether the case is likely to turn on credibility issues, and whether experts witnesses will be involved. Id. at 156.

In the present case, the Court has dismissed the complaint because the plaintiff has failed to state a cognizable claim arising under federal law. The Court has therefore determined that no relief could be granted under any set of facts that could be proved. See Taliaferro, 458 F.3d at 188. Having

thus found that the plaintiff's claims lack merit, the Court will decline to appoint counsel for the plaintiff.

An appropriate Order follows.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ORLANDO MAISONET              :     CIVIL ACTION
                              :
          v.                  :
                              :
CITY OF PHILADELPHIA et al.   :     NO. 06-4858
```

                              ORDER

      AND NOW, this 4th day of May, 2007, upon consideration of the defendants' motion to dismiss (Doc. No. 9) and the plaintiff's motion for appointment of counsel (Doc. No. 10), IT IS HEREBY ORDERED that, for the reasons stated in the accompanying memorandum:

      1.  The defendants' motion to dismiss is GRANTED. Counts I and II of the complaint are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Count III is dismissed pursuant to 28 U.S.C. § 1367(c).

      2.  The plaintiff's motion for appointment of counsel is DENIED.


                                    BY THE COURT:



                                    _____
                                    MARY A. McLAUGHLIN, J.